**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO RIVERA-IBANEZ, | No. 08-72811 |
| Petitioner, | Agency No.  A098-435-487 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Rolando Rivera-Ibanez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *see Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Rivera-Ibanez failed to establish a protected ground was "one central reason" for harm he suffered or fears.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution[.]"); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution.").  Thus, Rivera-Ibanez's asylum and withholding of removal claims fail.  *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Substantial evidence also supports the BIA's denial of CAT protection because Rivera-Ibanez failed to establish it is more likely than not that a government official would consent to or acquiesce in his torture by gang members if he returns to El Salvador.  *See* 8 C.F.R. § 1208.18(a)(1); *see also Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-72811